UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WENDELL MOORE                                          Index No.: 17-cv-94

                                    Plaintiff,

            -against-                                  **COMPLAINT**

POLICE OFFICER DAVID CIANGUILLI,                      **JURY TRIAL DEMANDED**
*Shield No.: 4729*, POLICE OFFICER WILLIAM
BARRIOS, *Shield No.: 23841*, POLICE OFFICER
JOHN DOE #1, POLICE OFFICER JOHN DOE #2,
POLICE OFFICER JOHN DOE #3, POLICE OFFICER
JOHN DOE #4 and POLICE OFFICER JOHN DOE #5

*The names of the "John Doe" defendants being fictitious*
*as their true identities are unknown to plaintiff*

                                                Defendants.

------------------------------------------------------------------X

            Plaintiff, WENDELL MOORE, by his attorney, Alexis G. Padilla, complaining of

the defendants, POLICE OFFICER DAVID CIANGUILLI, *Shield No.: 4729* ("P.O. Cianguilli"),

POLICE OFFICERWILLIAM BARRIOS, *Shield No.: 23841* ("P.O. Barrios"), POLICE

OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE

#3, POLICE OFFICER JOHN DOE #4 and POLICE OFFICER JOHN DOE #5, upon

information and belief alleges as follows:

## PRELIMINARY STATEMENT

            1.      This is a civil rights action in which the Plaintiff, WENDELL MOORE, seeks

relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42

U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and

attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth,

Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the

violation of the Plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the

events giving rise to this claim occurred within the boundaries of the Southern District of New

York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded

herein.

## PARTIES

5.      Plaintiff is of full age and resides in New York City, Bronx County, New York.

6.      Defendant POLICE OFFICER DAVID CIANGUILLI was at all times relevant

herein a duly appointed and acting officer, servant, employee and agent of the New York Police

Department, a municipal agency of the City of New York. At all times relevant herein,

Defendant POLICE OFFICER DAVID CIANGUILLI acted under color of the laws, statutes,

ordinances, regulations, policies, customs and/or usages of the State of New York and the New

York Police Department, in the course and scope of his duties and functions as an officer, agent,

servant and employee of the City of New York, was acting for, and on behalf of, and with the

power and authority vested in him by the City of New York and the New York Police

Department, and was otherwise performing and engaging in conduct incidental to the

performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

7.      Defendant POLICE OFFICER WILLIAM BARRIOS was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER WILLIAM BARRIOS acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.      Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the

performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9.      Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10.      Defendant POLICE OFFICER JOHN DOE #3 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the

performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

11.     Defendant POLICE OFFICER JOHN DOE #4 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #4 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

12.     Defendant POLICE OFFICER JOHN DOE #5 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant POLICE OFFICER JOHN DOE #5 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the

performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

13.     On or about May 17, 2016 at about 3:20 P.M., plaintiff was in the vicinity of 681 8th Avenue in the County and State of New York, when a white male uniformed police officer, upon information belief defendant P.O. Cianguilli, ran past him, suddenly spun around and in one motion, grabbed plaintiff's wrists and handcuffed him.

14.     Plaintiff, stunned at what had just occurred, demanded to know why he was being detained.

15.     P.O. Cianguilli informed plaintiff that he was under investigation and told him to shut up.

16.     Another uniformed officer, upon information and belief defendant P.O. Barrios, approached and said to defendant P.O. Cianguilli, "we're taking him back to the base," in reference to plaintiff.

17.     Plaintiff again demanded to know why he was being arrested and insisted that he had done nothing wrong.

18.     A police van arrived on the scene and defendants P.O. Cianguilli and P.O. Barrios, along with defendant P.O. John Doe #1 and defendant P.O. John Doe #2 attempted to place plaintiff inside, but plaintiff resisted by spreading his legs.

19.     In response to plaintiff's resistance, defendant P.O. Cianguilli kicked plaintiff's legs out from under him.

20.     Plaintiff fell to the floor, at which point P.O. Cianguilli and at least one other officer kicked plaintiff several times about the back and shoulder.

21.    The officers then picked plaintiff up from the ground by his legs and arms and shoved him into the police van.

22.    Once in the police van, defendant P.O. John Doe #2 instructed plaintiff to move all the way in and plaintiff refused.

23.    In response, defendant P.O. John Doe #2 struck plaintiff forcefully about the shoulder, using his elbow and defendant P.O. Barrios struck forcefully about the ribs and midsection, using his knee.

24.    The officers transported plaintiff to the Midtown South Precinct of the NYPD.

25.    When they arrived at the precinct, defendants P.O. Cianguilli and P.O. Barrios each took one of plaintiff's arms and then proceeded to drag him inside from the street causing pain to plaintiff's shins and ankles as they banged and scraped against the sidewalk and the steps of the station house.

26.    Once inside, the officers escorted plaintiff to a screening area and ordered plaintiff to enter into a cell and remove his clothing.

27.    Plaintiff refused to consent to a strip search, insisting vehemently that he had done nothing wrong and that he was not in possession of any contraband.

28.    When plaintiff refused to enter the cell and remove his clothing a group of officers, including the defendants P.O. Cianguilli, P.O. Barrios, and P.O.'s John Doe #3, John Doe #4 and John Doe #5 assaulted plaintiff in the hallway of the cell area, kicking, punching and stomping plaintiff.

29.    With plaintiff pinned down, one of the defendants then used a knife to cut plaintiff's clothes off of his body.

30.     After not finding anything, the defendants P.O. Cianguilli and P.O. Barrios took plaintiff to another cell and cuffed his wrists to the top of the gate with his arms spread and his feet barely touching the floor, and left him there for approximately 45 minutes, naked and cold.

31.     Eventually one of the officers gave plaintiff his mangled clothes back and he was able to cover himself in the cell, where he sat until approximately 5:00 A.M. the next morning, at which point the pain in plaintiff's wrist became so unbearable that he demanded to be taken to the hospital.

32.     Plaintiff was transported to Bellevue Hospital Center by officers from the precinct.

33.     At Bellevue, plaintiff's wrists were x-rayed and bandaged. Plaintiff was also administered over the counter pain medication for swelling and pain.

34.     From Bellevue, plaintiff was taken back to Midtown South, where he waited to be transported to central booking for approximately three more hours.

35.     When plaintiff was finally brought before the criminal court judge the charges presented against him alleged that he'd been found in possession of 70 "twists" (bags) of crack cocaine. Defendant P.O. Cianguilli and defendant P.O. Barrios each claimed to have witnessed plaintiff and another apprehended individual in possession of the drugs.

36.     However, the district attorney's office consented to plaintiff's immediate release and when plaintiff returned to court for his first post-arraignment appearance all charges against him were dismissed.

37.     Plaintiff spent approximately 36 hours in custody.

38.     As a result of the combined acts of the defendants, plaintiff suffered pain, swelling, and loss of movement in his right wrist as well as pain, bruises and contusions to his right shin, right shoulder, back and head.

39.     All charges against plaintiff related to this incident were dismissed on July 21, 2016.

## AS FOR A CAUSE OF ACTION

*Deprivation of Rights protected by 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as against all defendants*

40.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41.     At all times during the events described above defendants lacked probable cause to arrest plaintiff.

42.     At all times during the events described above defendants lacked probable cause to charge plaintiff with any criminal offense.

43.     All of the aforementioned acts of defendants were carried out under the color of state law.

44.     All of the aforementioned acts of defendants deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45.     The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

46.     The acts complained of deprived plaintiff of his rights:

        A.  To be free from excessive force;

    B.  To be free from false arrest;

    C.  To be free from deprivation of liberty without due process of law; and

    D.  To receive equal protection under the law.

**SECOND CAUSE OF ACTION**

***Failure to Intervene under 42 U.S.C. § 1983***

47.    Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

48.    The defendant officers are liable for the above-stated actions of their co-defendants due to their failure to intervene and stop the use of excessive force and illegal detention against plaintiff when defendants knew or should have known that plaintiff's rights were being violated.

49.    The defendants each had a duty to intervene to prevent an obvious violation of rights by a fellow officer.

50.    The defendants each had a reasonable opportunity to intervene.

51.    The defendants each failed to intervene to prevent the violation of plaintiff's rights.

52.    As a direct and proximate result of the defendants' failure to intervene plaintiff suffered injuries and damages as stated herein.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: <u>01/05/2017</u>
      Brooklyn, NY

By:         <u>*/s/Alexis G. Padilla*</u>
              Alexis G. Padilla, Esq. [AP8285]
              *Attorney for Plaintiff*
              *Wendell Moore*
              575 Decatur Street #3
              Brooklyn, NY 11233
              917-238-2993